UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:16CV-P10-JHM

**BRADLEY TODD BLANTON**  PLAINTIFF

v.

**JOE BLUE** *et al.*  DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Bradley Todd Blanton filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

**I.**

Plaintiff is a convicted inmate at the Hopkins County Jail (HCJ). He sues the following Defendants: HCJ, Joe Blue, "Medical Staff," and "depuites." The complaint indicates that he is suing Joe Blue and HCJ in their official capacities and does not indicate in which capacity he is suing the other Defendants.

As his statement of the claim, Plaintiff states that he has been filling out sick call slips "since Dec 27. Due to a broke finger on my right hand." He states, "I have been seen and had x ray's taking. One of the nurse at the jail told me there was damage, and broke bone done to my hand and was waiting on a Doc . . . ." He reports that he explained to his aunt "the feeling and she stated I had a served tendon and broken bone and she was in the medical field and retired form Boling green hospital." He maintains that his hand "is not acting as it should any more and it hurts and burns." He states that he asked for copies of his x-rays but was told no and states that "they will not let me see my medical rec's . . . ." He states that he has asked "a bunch of times to go have surgery done and now I have minegrains and different things going wrong with

my body. People have died in this Jail and nothing has been done about it. The officer's here are mean." He maintains, "My finger wone even close any more, all the way."

Plaintiff also states that during a previous incarceration in HCJ in 2013 or 2014, he thinks he had broken ribs and "the Jail never told me any thing." He states that he was never given copies of his x-rays. He maintains that he still has problems with his back and ribs.

Plaintiff further states that he was also incarcerated in HCJ in 2012. He states that he was supposed to be released on November 2, 2012, but was held until November 28, 2012. He states that he lost his job and that he missed the last Thanksgiving before the death of his grandmother because of this. He states that he was told by an HCJ guard "that Probation and Parole had forgot about you." He contends that he was held twenty-six days past his out date. He states, "I fell they do people that way here in this side county all the time." Plaintiff further maintains that during his incarceration at HCJ in 2013 or 2014 he served out his sentence in May but was not released until September. He states, "That is four months of my life I'll never get back."

As relief, Plaintiff seeks compensatory damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

2

570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true."  *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations."  *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere."  *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d

340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Claims related to current incarceration in HCJ

To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). A claim of deliberate indifference under the Eighth Amendment has both an objective and a subjective component. The objective component requires the existence of a sufficiently serious medical need. *Turner v. City of Taylor*, 412 F.3d 629, 646 (6th Cir. 2005). To satisfy the subjective component, the defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 837-47). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Terrance*, 286 F.3d at 843 (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly

4

incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id*. at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

For the purposes of initial review, the Court will presume that Plaintiff has stated facts concerning his finger injury which satisfy the objective component. The Court must then determine if Plaintiff has stated facts to support the subjective component of a deliberate-indifference claim, *i.e.*, "'a sufficiently culpable state of mind in denying medical care.'" *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Farmer*, 511 U.S. at 834). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations omitted). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). A court generally will not find deliberate indifference when some level of medical care has been offered to the inmate. *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14 (D.N.J. 2002). Mere disagreement over medical treatment cannot give rise to a constitutional claim of deliberate indifference. *Durham v. Nu'Man*, 97 F.3d 862, 869 (6th Cir. 1996).

Based on Plaintiff's own assertions in the complaint, he first filled out a medical request form on December 27, 2015. By the time he filed the instant complaint on January 5, 2016,[1] he had been seen by a nurse, his hand had been x-rayed, and the nurse had diagnosed his broken finger. His concerns about the extent of his injury and his requests for surgery stem from the opinions of a family member, although it does not appear from the complaint that the family

---

[1] Under the "prison mailbox rule," a *pro se* prisoner's complaint "is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008).

member personally observed Plaintiff's injury. In any event, such disagreement constitutes a dispute over the adequacy of treatment, which does not give rise to an Eighth Amendment deliberate-indifference claim. *Westlake*, 537 F.2d at 860 n.5. Prisoners are not entitled to "unqualified access to health care." *Hudson*, 503 U.S. at 8. While Plaintiff may disagree with the treatment offered, such disagreement does not amount to a constitutional claim.

Moreover, with regard to his allegations that he was not given a copy of his medical records, a prisoner has no constitutional right to review or obtain copies of his prison medical records. *See, e.g.*, *Moore v. Chapedelaine*, No. 3:15-cv-775 (VAB), 2015 U.S. Dist. LEXIS 92899, at *6 (D. Conn. July 15, 2015) (prisoner's complaint that he was denied access to prison medical records "cannot amount to a constitutional violation"); *Martikean v. United States*, No. 3:11-CV-1774-M-BH, 2012 U.S. Dist. LEXIS 77034, at *10 (N.D. Tex. Apr. 6, 2012) (finding that "there is no *constitutional* requirement that an inmate be given the right to review or obtain his prison medical records") (emphasis in original); *Ball v. Famiglio*, No. 1:CV-08-0700, 2011 U.S. Dist. LEXIS 34587, at *27-28 (M.D. Pa. Mar. 31, 2011) ("While inmates have a constitutional right to access to medical care, . . . there is no authority for an Eighth Amendment right to review medical records."). Therefore, Plaintiff cannot state a constitutional claim based on his allegations that any Defendant refused to give him his medical records.

Further, Plaintiff also states that "now I have minegrains and different things going wrong with my body." This one-sentence statement concerning migraine headaches and other ailments does not contain sufficient factual enhancement, such as whether he even sought medical attention for these problems, to survive initial screening. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

6

Therefore, Plaintiff's claims concerning his current incarceration in HCJ fail to state a constitutional violation, and the claims will be dismissed for failure to state a claim upon which relief may be granted.

### B. Claims related to previous incarcerations in HCJ

Plaintiff also makes factual allegations concerning two previous periods of incarceration at HCJ. It is not clear whether he is alleging separate causes of action based on these allegations or is including them to bolster his claim concerning denial of medical treatment for his broken finger. In any event, the Court will separately analyze these claims.

Plaintiff asserts that he was held past his serve-out date when he was incarcerated at HCJ in 2012 and again in 2013 or 2014. The Court construes the allegations as bringing § 1983 claims for damages on the basis that Plaintiff was incarcerated past his outdate in violation of the Due Process Clause of the Fourteenth Amendment and/or the Cruel and Unusual Punishments Clause of the Eighth Amendment. Plaintiff also asserts that he was denied medical treatment for an injury to his ribs when he incarcerated at HCJ in 2013 or 2014. The Court will construe this allegation as a § 1983 claim of deliberate indifference to medical needs in violation of the Eighth Amendment.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action and that a plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Id*. at 183. Though the statute of limitations is an affirmative defense, a court may raise the issue *sua*

*sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Here, it is clear from the complaint that the latest of the events concerning Plaintiff's prior stints in HCJ occurred when he was released in September 2014.[2] Therefore, Plaintiff had until September 2015, at the latest, to bring a § 1983 claim based on the 2014 incarceration. He had until 2013 to bring a § 1983 claim related to his 2012 incarceration. Plaintiff filed the instant action on January 5, 2016. Therefore, he filed this action more than three months past the expiration of the one-year statute of limitations. Thus, the claims related to his prior stints in HCJ are barred by the statute of limitations and will be dismissed for failure to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. at 215 (noting that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening).

For the above reasons, the Court will dismiss the action by separate Order.

Date: May 13, 2016

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Defendants
4414.010

---

[2] While Plaintiff states that he cannot remember if his last period of incarceration in HCJ was 2013 or 2014, the Court will presume for the purposes of initial review that he was released in 2014.